JOHN B. TIPPIN, plaintiff in error, *vs.* S. M. H. BYRD, administrator, defendant in error.

1. There being nothing in the pleadings of either party showing that any benefit was claimed under the ordinance of 1865, the plaintiff was an incompetent witness to testify in his own favor, the other party to the contract being dead.
2. The verdict is supported by the testimony.

Witness. New trial. Scaling ordinance. Before Judge McCUTCHEN. Polk Superior Court. August Term, 1874.

For the facts, see the decision.

ALEXANDER & WRIGHT, for plaintiff in error.

WARREN AKIN, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant, Elijah Byrd, in his lifetime, to recover the difference in the price of forty-three bales of cotton, which the plaintiff alleges he purchased from the defendant in June, 1862, at twelve and one-half cents per pound, and which the defendant refused to deliver, the price of cotton having risen in value, after the making the contract and the time specified

therein for the delivery of the cotton. On the trial of the case, the jury found a verdict for the defendant. The plaintiff made a motion for a new trial, on the ground that the verdict was contrary to law, contrary to the evidence, and without evidence; and because the court erred in not allowing the plaintiff to testify in his own favor, as set forth in the record. The court overruled the motion, and the plaintiff excepted. It appears from the record that Elijah Byrd, with whom the contract was made, died pending the suit, and that S. M. H. Byrd, his administrator, was made a party defendant thereto.

The plaintiff offered in evidence the following paper writing:

"POLK COUNTY, June 28th, 1862.

"J. B. Tippin, bought of Elijah Byrd forty-three bags of cotton, twelve and one-half cents per pound, to be weighed and paid for at his house, and delivered at Rome—fifty cents per bag for hauling. Received $50 00 on the above.

(Signed)        "ELIJAH BYRD."

The plaintiff proved that twelve and one-half cents in Confederate money was the full market price for cotton at the time of the contract, and that was the common currency of the country; that cotton advanced in price after the making the contract, between the 28th of June and the 8th of September, 1862, to more than thirteen cents per pound, but how much more the record does not show. The plaintiff also offered in evidence a letter written by Elijah Byrd to him, dated 8th of September, 1862, in which he stated that he had determined to let him have his cotton at twelve and one-half cents per pound, as per contract; that he was ready to weigh it and receive the payment for it at his gin-house, according to contract, and that he should be ready to haul it to Rome, as he agreed; that he should require him to take the cotton and pay for it in gold and silver, as he was not willing to take any other currency; to let him know when he should see him at his place as he should require the matter closed at once.

1. Was the plaintiff a competent witness? The 3854th

section of the Code declares, in express terms, that where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor.   This is not an open question in this court: *Leaptrot vs. Robertson,* 44 *Georgia Reports,* 46.   But it is insisted that this case is taken out of that general rule, by the provisions of the act of 18th December, 1866, which declares that in all cases arising under the ordinance of 1865 either party shall be a competent witness to prove any of the facts authorized to be proved by said ordinance.   The reply is, that there is nothing in the plaintiff's declaration or the pleadings of either party going to show that any benefit whatever was claimed under the ordinance of 1865.   The plaintiff does not even allege that the contract made with the defendant's intestate was a Confederate contract, so as to bring it within the ordinance of 1865, and for that reason he was not a competent witness in this case, under the act of the 18th of December, 1866.

2. There was no evidence before the jury that the plaintiff offered to comply with the terms of the contract on his part, and if we were to assume that the cotton was to have been paid for in Confederate money, there is no evidence in the record as to the value of Confederate money at that time.   In view of the evidence before the jury, we cannot say the verdict was wrong, and therefore we will not control the discretion of the court in refusing to set it aside.

Let the judgment of the court below be affirmed.